IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENRICO LANZA, | Civil No. 3:19-cv-2137 |
| Plaintiff | (Judge Mariani) |
| v. | |
| MICHAEL L. MOCLOCK, M.D., ANTHONY LUSCAVAGE, THOMAS MCGINLEY, JOSEPH J. SILVA, DORINA VARNER, DEBRA CARNUCCIO, KAREN (MERRITT) SCULLY, BLANCHE MILO, TRISHA KELLEY, WILLIAM F. NICKLOW, JOHN WETZEL, WEXFORD SERVICES, GOVERNOR TOM WOLF, SENATOR PAT TOOMEY, | FILED SCRANTON DEC 20 2019 PER _____ DEPUTY CLERK |
| Defendants | |

## MEMORANDUM

I. **Background**

Plaintiff Enrico Lanza ("Lanza"), an inmate currently confined at the State Correctional Institution, Coal-Township, Pennsylvania ("SCI-Coal Township"), initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Michael L. Moclock, M.D., Anthony Luscavage, Thomas McGinley, Joseph J. Silva, Dorina Varner, Debra Carnuccio, Karen (Merritt) Scully, Blanche Milo, Trisha Kelley, William F. Nicklow, John Wetzel, Wexford Services, Governor Tom Wolf, and Senator Pat Toomey. (*Id.*). Along with the complaint, Lanza has filed a motion for leave to proceed *in forma*

*pauperis.* (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, Governor Tom Wolf and Senator Pat Toomey will be dismissed, and the complaint will be served on the remaining Defendants.

## II. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## III. Allegations of the Complaint

The allegations of the complaint relate to Lanza's medical care and treatment at SCI-Coal Township. (Doc. 1). Lanza alleges that Defendants were deliberately indifferent to his serious medical needs. (*Id.*). Lanza seeks injunctive relief and monetary damages. (*Id.* at pp. 8-9).

## IV. Discussion

Lanza's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must

who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

### III. Allegations of the Complaint

The allegations of the complaint relate to Lanza's medical care and treatment at SCI-Coal Township. (Doc. 1). Lanza alleges that Defendants were deliberately indifferent to his serious medical needs. (*Id.*). Lanza seeks injunctive relief and monetary damages. (*Id.* at pp. 8-9).

### IV. Discussion

Lanza's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; see also *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must

3

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Upon careful review of the complaint, the Court concludes that Lanza has failed to state a claim against Defendants Wolf and Toomey. To the extent that Lanza is suing Governor Wolf and Senator Toomey in their official capacities, any claims seeking monetary damages against Wolf and Toomey in their official capacities are barred by the Eleventh Amendment. Personal capacity suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official capacity suits, in contrast, generally represent an action against an entity of which the government official is an agent. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against

4

the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 117 (1984); *Seminole Tribe v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252, 265 (1996); *Lavia v. Pennsylvania*, 224 F.3d 190, 195-96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity, and the state is the real party upon which liability is to be imposed. *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Congress has not abrogated the immunity regarding Lanza's claims, nor has Pennsylvania waived this grant of immunity. *See* 42 PA. STAT. ANN. AND CONS. STAT. ANN. § 8521(b). Hence, Lanza'a claims for money damages against Defendants Wolf and Toomey in their official capacities are barred by sovereign immunity. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010).

Moreover, to the extent that Lanza is suing Defendants Wolf and Toomey in their individual capacities, the complaint fails to state a claim because he does not allege any personal involvement by Defendants Wolf and Toomey in violation of his civil rights. Lanza only alleges that he raised his complaints "from the bottom of the ladder . . . to the top of the ladder." (Doc. 1, p. 8). The complaint does not set forth any allegations against Defendants Wolf and Toomey. Moreover, the Court finds it implausible that the current Chief Executive of the Commonwealth and a current United States Senator from the Commonwealth would

have known of or had personal involvement with Lanza, a specific inmate at SCI-Coal Township, who allegedly received inadequate medical care and treatment at SCI-Coal Township. Accordingly, the Court will dismiss Governor Wolf and Senator Toomey as parties to this action. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

## V. Conclusion

Based on the foregoing, Defendants Wolf and Toomey will be dismissed as parties to this action. Lanza's complaint will be served on the remaining Defendants.

A separate Order shall issue.

Dated: December 19, 2019

Robert D. Mariani
United States District Judge